| 2010-18174 / Court: 333 |
|---|

Filed 10 March 19 A11:42
Loren Jackson - District Clerk
Harris County
ED101J015710285
By: Furshilla Brantley

CAUSE NO.: _____

IN THE DISTRICT COURT OF
HARRIS COUNTY, TEXAS

MARBLE ARCH TOWNHOMES
COUNCIL OF CO-OWNERS,

          Plaintiff,

vs.

CHUBB CUSTOM
INSURANCE COMPANY,

          Defendant.

295th  JUDICIAL DISTRICT COURT

## PLAINTIFF'S ORIGINAL PETITION
## AND
## REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW, MARBLE ARCH TOWNHOMES COUNSEL OF CO-OWNERS (hereinafter referred to as "MARBLE ARCH"), and for causes of action against CHUBB CUSTOM INSURANCE COMPANY (hereinafter referred to as "CHUBB"), would show unto the Court and jury the following:

### I.    DISCOVERY CONTROL PLAN

    1.    MARBLE ARCH intends to conduct discovery under Level 2 of Tex. R. Civ. P. 190.3.

### II.    SERVICE OF PROCESS

    2.    CHUBB may be served with citation and petition by serving Texas Department of Insurance, P.O. Box 149104, Austin, TX 78714-9104.

### III.    STATUTORY AUTHORITY

    3.    This suit is being brought, in part, under the Tex. Bus. & Comm. Code, §17.41 *et seq.*, commonly known as the Deceptive Trade Practices and Consumer Protection Act, and cited in this Petition as "DTPA." This suit is brought, in part, under the Texas Insurance Code, Chap.

Certified Document Number: 44839336 - Page 1 of 8

541.151 *et seq*. and Chap. 542.051 *et seq*.  This suit is brought, in part, pursuant to Tex. Civ. & Rem. Code §38.01 *et seq*.

### IV.   VENUE

4.      Venue of this action is proper in the county of suit because the claim and causes of action that form the basis of this suit accrued in Harris County, Texas; the contract in question was entered into by the parties in Harris County, Texas; and the property owned by MARBLE ARCH, and subject of this suit, is located in Harris County, Texas.

5.      The general venue rule provides that lawsuits shall be brought in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.  Tex. C. P. R. C. §15.002(a)(1).  All or a substantial part of the events or omissions giving rise to this suit occurred in Harris County, Texas.

6.      MARBLE ARCH seeks recovery of actual damages in excess of the minimum jurisdictional limits of this Court.

### V.   NOTICE AND CONDITIONS PRECEDENT

7.      CHUBB was or is being provided notice, in writing, of the claims made by MARBLE ARCH in this Petition more than sixty (60) days before this suit was filed in the manner and form required.

8.      All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed or have occurred.

### VI.   THE TRANSACTION

9.      This lawsuit arises out of the following transactions, acts, omissions and/or events: On or about September 13, 2008, MARBLE ARCH sustained catastrophic damage to its building and contents as a result of Hurricane Ike.  At that time, MARBLE ARCH was insured by a policy of insurance provided by CHUBB, bearing policy number 7958-00-81 that insured MARBLE ARCH for loss by windstorm (the "Policy"), and was in full force and effect on the date of Hurricane Ike. The Policy provided windstorm coverage for the property owned by MARBLE ARCH and located at 2601 Marilee Lane, Harris County, Houston, Texas, 77057. MARBLE ARCH sustained substantial damage to its building and contents as a result of windstorm, and substantial loss as a result of interrupted business operations during the repairs required to the property and contents. All damages and loss suffered by MARBLE ARCH were caused by a peril insured CHUBB.

Certified Document Number: 44839336 - Page 2 of 8

10.     MARBLE ARCH has submitted claims in accordance with the policy provisions to CHUBB and has, on many occasions, attempted to obtain full and complete payment for covered losses pursuant to the CHUBB's contractual obligations.

11.     CHUBB, acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust MARBLE ARCH's claim for benefits in good faith and has further failed to deal fairly with MARBLE ARCH. CHUBB has failed and refused to evaluate the information and surrounding facts regarding MARBLE ARCH's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants. CHUBB has further failed or refused and continues to fail or refuse to pay covered claims on a timely basis as required by the insurance contract and as required by the Texas Insurance Code. Instead, CHUBB has wrongfully delayed or denied claims when liability for coverage under CHUBB's policy was reasonably clear. In contrast, MARBLE ARCH has cooperated with every request made by CHUBB and has displayed, at reasonable times, all of its relevant records, documents, buildings and contents that are subject of this catastrophic loss. CHUBB has persisted in delay or denial to pay the full amounts due for MARBLE ARCH's claim, even though a person of ordinary prudence and care would have done otherwise. No reasonable basis exists or has existed at anytime for CHUBB's delay and/or refusal to provide covered benefits due and owing under the insurance policy in question.

## VII.   CAUSATION

12.     The conduct described above was a producing, proximate and direct cause of actual damages to MARBLE ARCH. These damages include, but are not limited to, the full benefits payable under the insurance policy, together with all out-of-pocket expenses incurred by MARBLE ARCH. MARBLE ARCH seeks prejudgment and post judgment interest at the highest lawful rate. The amount of actual damages which should be awarded exceeds the minimum jurisdictional limits of this Court.

13.     MARBLE ARCH would show that CHUBB, acting through its agents, servants or employees, acted in a concert of action in the investigation, handling and disposition of MARBLE ARCH's claims.

## VIII.   CAUSES OF ACTION

14     The facts stated herein give rise to the following causes of action:

Certified Document Number: 44839336 - Page 3 of 8

a.    **Breach of Contract**:  The conduct of CHUBB constitutes a breach of the contract of insurance between MARBLE ARCH and CHUBB.  As a result of this breach, MARBLE ARCH has suffered damages all of which were reasonable foreseeable and which were caused or produced, proximately and directly, by CHUBB's delay and/or refusal to pay covered benefits.

b.    **Breach of the Duty of Good Faith and Fair Dealing**:  As a result of the relationship of the parties created by the nature of the policy of insurance, and the parties unequal bargaining power, CHUBB owed and continued to owe MARBLE ARCH a duty to deal fairly and in good faith.  CHUBB has failed to deal in good faith.  There was not and never has been a reasonable basis for CHUBB's delay or denial of MARBLE ARCH's claim for benefits covered by the insurance contract in question.  CHUBB's actions were unfair because CHUBB delayed and/or denied MARBLE ARCH's claims when liability for coverage under the policy was reasonably clear.  Thus, CHUBB breached its duty to deal fairly and in good faith with MARBLE ARCH, and such failure was a producing, proximate and direct cause of the actual damages to MARBLE ARCH.

c.    **Violations of the Texas Insurance Code**:  CHUBB has engaged in the following practices in violation of the Texas Insurance Code, Chap. 541.001 *et seq.*:

(1)    CHUBB has failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of MARBLE ARCH's claim after liability under the insurance policy became reasonably clear;

(2)    CHUBB has compelled MARBLE ARCH to institute this suit to recover amounts due under the policy of insurance by failing to offer to pay MARBLE ARCH the policy benefits to which MARBLE ARCH is entitled, and which MARBLE ARCH will ultimately recover in this suit;

(3)    This conduct constitutes unfair settlement practices;

(4)    Breach of the common law duty of good faith and fair dealing, as described above, constitutes an unfair or deceptive act or practice in the business of insurance;

Certified Document Number: 44839336 - Page 4 of 8

(5)     CHUBB failed to acknowledge with reasonable promptness pertinent communications with respect to MARBLE ARCH's claim;

(6)     CHUBB failed to adopt and implement reasonable standards for the prompt investigation of claims arising under its polices and failed to promptly provide to MARBLE ARCH a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for which CHUBB has delayed, failed or refused to pay benefits or for the offer of a compromise settlement of the claim;

(7)     CHUBB has failed to affirm or deny coverage of MARBLE ARCH's claim within a reasonable time after MARBLE ARCH complied with all requests and conditions precedent;

(8)     CHUBB refused to pay claims under MARBLE ARCH's policy of insurance without conducting a reasonable investigation;

(9)     CHUBB failed to disclose information required by law to be disclosed, including the failure to disclose the basis for delay and/or denial; and

(10)     CHUBB has violated the requirements of the Texas Insurance Code, Chap/ 542.051 *et seq.*, in that CHUBB has failed to notify MARBLE ARCH, in writing, of the acceptance or rejection of the claim even though CHUBB has received all items, statements or other material requested of MARBLE ARCH. CHUBB has failed to pay MARBLE ARCH's claim for more than sixty (60) days.  Therefore, MARBLE ARCH seeks recovery of all damages and penalties provided for in Chap. 542.060 of the Texas Insurance Code including, but not limited to, recovery of 18% per annum of the amount of such claim, together with reasonable attorney's fees as may be deemed by the trier of fact and taxed as costs.

d.     **Violations of the DTPA**:   CHUBB has engaged in the following practices in violation of DTPA:

(1)     Section 17.50, violation of the Texas Insurance Code, Chap. 541 as set forth above;

Certified Document Number: 44839336 - Page 5 of 8

(2)     Representing that an agreement confers or involves rights, remedies or obligations which it does not have or involve or which are prohibited by law;

(3)     The failure to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

(4)     At all times relevant, MARBLE ARCH was a consumer of insurance services or products of CHUBB, and MARBLE ARCH would show that CHUBB's violations, as set forth above, constitute false, misleading or deceptive acts or practices which caused or produced MARBLE ARCH's actual damages; and

(5)     By accepting insurance premiums but refusing without reasonable basis, to pay benefits due and owing under the policy, CHUBB has engaged in an unconscionable action or course of action as prohibited by DTPA §17.50(a)(1)(3) in that CHUBB took advantage of MARBLE ARCH's lack of knowledge, ability, experience and capacity to a grossly unfair degree, which also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chap. 541, Texas Insurance Code.

e.      **Knowing Conduct**:   CHUBB had actual awareness of the falsity, deception and unfairness of the acts and practices set forth above.

f.      **Exemplary, Additional and Treble Damages**:     CHUBB's breach of the duty of good faith and fair dealing was intentional and/or the result of malicious disregard of MARBLE ARCH's rights and welfare. Further, CHUBB's conduct was committed knowingly, that is, with actual awareness of the unfair nature of the conduct giving rise to MARBLE ARCH's claim. The denial and/or wrongful delay to pay MARBLE ARCH's claim was apparently part of a common plan, routine, scheme and design calculated to deny insurance benefits to policyholders. In order to punish CHUBB and        to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded.   Accordingly, MARBLE ARCH seeks exemplary

6

damages in an amount the jury deems appropriate to accomplish these goals. Further, because of CHUBB's knowing violation of the law, MARBLE ARCH seeks additional or mandatory treble damages pursuant to Texas Insurance Code, Chap.541.152, or in accordance with DTPA §17.50(b)(1).

## IX.   ATTORNEY'S FEES

16     MARBLE ARCH seeks all reasonable and necessary attorney's fees in this case which include the following:

a.     Preparation and trial of this lawsuit;

b.     Post trial and pre-appeal legal services;

c.     Appeal to the Court of Appeals if necessary;

d.     Making or responding to an application for writ of error to the Texas Supreme Court if necessary;

e.     Appeal to the Supreme Court of Texas in the event application for writ of error is granted; and

f.     Post-judgment discovery and collection in the event execution on the judgment is necessary.

17     MARBLE ARCH would show it is entitled to recover reasonable attorney's fees and costs in accordance with Chapter 38 of the Tex. Civ. Prac. & Rem. Code, §17.50(d) of the DTPA, Chap. 541.152 of the Texas Insurance Code, and/or Chap. 542.060 of the Texas Insurance Code.

## X.   REQUEST FOR DISCLOSURE

18.    MARBLE ARCH demands that CHUBB make full and complete disclosures required by Rule 194 of the Tex. R. Civ. P. within fifty (50) days of the service of this lawsuit.

## XI.   REQUEST FOR RELIEF

For all of the reasons set forth above, Plaintiff, MARBLE ARCH TOWNHOMES COUNCIL OF CO-OWNERS., asks that Defendant, CHUBB CUSTOM INSURANCE COMPANY, be cited according to law to appear and answer this lawsuit, and that after a final trial, judgment be entered against Defendant, CHUBB CUSTOM INSURANCE COMPANY, and in favor of Plaintiff, MARBLE ARCH TOWNHOMES COUNCIL OF CO-OWNERS, for the following:

Certified Document Number: 44839336 - Page 7 of 8

a.    A judgment for all of Plaintiff, MARBLE ARCH'S, actual damages and exemplary, additional or treble damages in the full amount allowed by      law;

b.    A judgment for prejudgment and post-judgment interest in the highest      amount allowed by law;

c.    A judgment for attorney's fees and costs of court;

d.    Such other and further relief to which Plaintiff, MARBLE ARCH TOWNHOMES COUNCIL OF CO-OWNERS, may be entitled at law or in equity.

## XII.    REQUEST FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated this _____ day of  March 2010.

Respectfully Submitted,

William F. Merlin, Jr., Esquire
Texas Bar No.: 24061793
Mary Fortson, Esquire
Texas Bar No.: 24068138
Merlin Law Group, P.A.
777 S. Harbour Island Boulevard
Suite 950
Tampa, Florida 33602
Telephone:  813-229-1000
Fax:         813-229-3692
wmerlin@merlinlawgroup.com
mfortson@merlinlawgroup.com
Attorney for Plaintiff



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this  April 29, 2010

Certified Document Number:   44839336 Total Pages:  8

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com